[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 102)
The plaintiffs are assignees of a certain leasehold interest in property located in the Town of Monroe on which they operate a day care center licensed by the State of Connecticut. The individual defendants are the record owners of property also located in Monroe and the defendant Kindercare Learning Centers, Inc. ("Kindercare"), is a contract purchaser of that property. Kindercare applied for a special exception permit for the construction of a new commercial structure for use as a day care facility which was granted by the Planning and Zoning Commission. The defendants have moved to dismiss the present administrative appeal asserting that the plaintiffs do not have standing to bring the action under General Statutes § 8-8 (a) because they are not aggrieved by the decision of the Planning and Zoning Commission.
The plaintiffs admit that they do not own land within 100 feet of the land involved in the present zoning appeal and are, therefore, not statutorily aggrieved. CT Page 4300
 "Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to insure that courts and parties are not vexed by suits brought to vindicate non justiciable interest and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. These two objectives are ordinarily held to have been met when a complainant makes a colorable claim of (a) direct injury he has suffered or is likely to suffer in an individual or representative capacity."
Board of Pardons v. Freedom of Information Commission,210 Conn. 646, 648-649 (1989). (Citations omitted; emphasis supplied.)
 "The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest has been adversely affected."
Med-Trans of Conn., Inc. v. Department of Public Health Addiction Services, 242 Conn. 152, 158-159 (1997).
In considering whether the plaintiff's interest has been injuriously affected, the courts have looked to whether the injury "falls within the zone of interest sought to be protected by the statutory provision whose violations form the legal basis for [the] complaint. Med-Trans of Conn., Inc., supra at 159; NewEngland Parking, Inc. v. Planning Zoning Commission,47 Conn. App. 284, 288-289 (1997). "[S]tanding merely requires the party to make allegations of a colorable claim of injury to an interest which is arguably protected or related to the statute or constitutional guarantee." Med-Trans of Conn., Inc., supra at 169 CT Page 4301 (emphasis supplied) citing State v. Pierson, 208 Conn. 683, 687
(1986), cert. denied, 489 U.S. 1016, 109 S.CT 1131; 103 Lawyer's Edition 2d 193 (1989)
Section 117-100A(4) requires the commission to consider whether the use will "Be necessary for the welfare and convenience of the townspeople and provide for the growth of appropriate business and retail establishments in the town." It is true that mere economic competition does not entitle the plaintiffs to a finding of aggrievement. However, the fact of economic competition does not automatically require a finding of non-aggrievement. Plaintiffs have presented a colorable claim, injury of which they complain is arguably within the zone of interest sought to be protected by Regulation 117-100A(4)
Accordingly, the motion to dismiss is denied.
RUSH, J.